Thank you. Good morning, Your Honors. And may it please the Court, let me at the outset apologize in case my voice falters as I'm just getting over a cold. And by the same token, I'll be happy to greet you at the end of the argument, but I'll try to remember to refrain from shaking your hands lest I spread my germs all over the circuit. In any event, I'm happy to be here this morning on behalf of Nicole Grant, who was in complete compliance with her conditions of probation and who regularly met her monthly restitution payment obligations. And there's no allegation against her that she hid or evaded or otherwise prevented the probation officer from monitoring her financial situation. And under those circumstances, the District Court amended her restitution order without a proper basis. In order to modify or change in any way a restitution order or the schedule of payments for restitution, the District Court is obligated to comply with Section 3664F2, which requires the Court to consider the defendant's ability to pay a number of circumstances, the defendant's ability to pay her overall financial situation, her other obligations, her projected earnings. There's no evidence in this record that the District Court considered any of those factors which we brought to the Court's attention. Did you claim the government that she didn't have the authority to make the change, the Court, or that she just abused her discretion? Well, we make both arguments in our brief, and I don't want to spend too much time on the first one because I realize that there's not a lot of support for that argument. I think that... Do you think she had the authority? Well, we're not willing to concede that she does have the authority. Because you don't want to argue that she doesn't have the authority. I'm not putting words in your mouth. I'm trying to understand your argument. Well, we do make both arguments, and I will maintain both arguments. I think for the... I just want to see what questions I want to ask you about, and I can ask the government, too. Okay. So you say she doesn't have the authority, but you don't really want to argue much about that. You really want to argue about what she did with her authority is where you want to focus your argument. I think that would be the best use of our time this morning, if that's all right with you. If you want to address the other questions, we can, but I think the primary issue that we've raised... Can I ask you just one question? Sure, of course. And I don't want to take much of your time. Just quickly make your argument why she doesn't have the authority in a couple sentences. Why do you say she doesn't have the authority to consider changing the schedule of payments? Well, I think the best argument I have is the plain language of the statute that the government relies on, which is 3563C, that says the court may modify, reduce, or enlarge any of the conditions of probation at any time. Our argument is that that does not include the word add. It doesn't include the word add a condition of probation, and that's what we're saying happened here, that the order was final and the judge is adding an additional condition. Do you agree with me? Is it your position that the total amount of restitution that was ordered at the time of sentencing, that may not be changed? The total amount of restitution? That's correct, and that didn't happen here. So what falls into here is what is the judge doing in changing the schedule? If that is changing restitution, or a condition of payment of restitution, is that where we are? Right. And you want to focus on she had no authority. She had authority, but she shouldn't under these facts have done anything to change the schedule of payments. Right. If she had authority, that the judge abused her discretion in making that change on these facts here, given the evidence that was brought forward and the lack of evidence. I thought she had evidence. I'm just asking whether or not, I thought she had evidence that the defendant came into money that the court heretofore did not know about. Tax refund. I don't think there was an indication that the court didn't know about it. The court knew she was going to get a tax refund? Well, I don't know that the probation officer of the court knew in advance that a tax refund was coming. But I don't think there's any allegation that she hid that. I didn't say that. I'm sorry. I thought that when she was originally sentenced, her pre-sentence report, BSR, reflected that she had gotten tax returns in the past. Regularly. I believe that's correct. And obviously the pre-sentence report was in another district several years ago, and then she has continued to receive income tax refunds throughout the course of her probation. I don't think that's unanticipated, and certainly the probation officer had every ability here, and there's no allegation that he wasn't able to monitor her financial situation. And so any time, she could have opened, would have had to open the books to him, and all he had to do was ask. And I don't know that there's an obligation on her part to come up, and I'm expecting a tax refund. I'm not suggesting an obligation on her part, but I just want to understand your position. Your position is, it's an abuse of discretion, leaving aside Judge Traxler's question for a second, which maybe that'd be what the court should have known. But if the court finds, you know, let's just say this. It's important what that schedule of restitution payment is, correct? Because if a person has that schedule and doesn't meet that schedule, that is a violation of probation. That's absolutely true, yes. Right, so you could have probation revoked for not making a payment that the court first sets out. That's true, absolutely. So then, what is an abuse of discretion when the court, I'm giving you a hypothetical, finds out now that there's money available that the court did not know about at the time the court set the schedule? Would that be an abuse to readjust the schedule? Not per se. I'm not going to say that the court would never be able to make an adjustment, but on these facts... Okay, now, all right, so now tell me, and under these facts, she got a tax refund. Right. And the court didn't know at the time the court set that schedule that she was going to get that tax refund. That's true. That's fair enough that the court, either judge in either district, knew what money she was going to come into in advance. I agree with that. So the judge then, I'm just saying when she's sentenced, the judge sets a restitution payment schedule based on the assets, income, and all that she has at that time. That's true. And there's nothing in this record that indicates the court knew at the time the restitution payment schedule was set that there was going to be an additional tax refund received by the defendant. I agree with that. Now, that has happened in this case. Yes, sir. So why couldn't the judge then now modify the payment schedule to take that into account? That's an abuse of discretion? On these facts, it was because of her overall financial condition. Stop for a second. Okay. I want to get back to that. But under my scenario now, and you can talk about the specifics of why it was an abuse of discretion here. But under my scenario, you've set the numbers. The judge, the district judge, doesn't know that you may receive a tax refund in the future. But gosh, you do get one. And you say that these facts itself would not make a per se violation or abuse of discretion. Because the judge then sees that you now have more money. You can change your restitution payment schedule. And so the judge then, with her authority, changes the payment schedule. That in my scenario, that wouldn't be an abuse of discretion, would it? If all the judge is doing is changing the payment schedule, no, that's within the judge's discretion. All right. Now, what's different from my scenario and what happened in this case? Well, in this case, it really amounted to the judge saying automatically that these income tax refunds constituted a material change in her economic circumstances such that every dollar of them should go directly to restitution. And it's important to note that this is not merely a reporting requirement. It's not that she just simply had to tell the probation officer. It's that she had to send that money directly to Social Security. Your concern is that the district judge was just mistaken to think that all that refund was additional money that could be used for restitution? That's the nub of the issue? On these facts, under these circumstances, the judge did not consider the necessary facts in adjusting restitution payment schedule. Were there any other facts before the judge other than the fact of the refund? Did anybody put any other facts in front of her that had changed? There were facts about her family situation, her need to support her two dependent children, including one with special needs. She was supporting her mother. That wasn't true when the restitution payment was set? Well, that's true, but... I'm asking you, is that true? I'm trying to find out now. It looks to me like the judge, you're arguing this is an abuse of discretion for the judge to say these tax refunds have to be used for restitution in some way. And you're saying, but there are other factors the judge didn't take into account. All those other factors known at the time the initial schedule was set, or the most recent schedule was set? Yes, certainly her financial situation was before the court when it set those payment schedules. I'm asking, were there any changes? Well, to the extent that everybody's financial situation might change from day to day. But the judge wasn't aware of any of that. Well, what the judge was aware of is the judge, twice by this point, had reduced the payment schedule, which I think is an indication, even though the judge is aware of these past tax refunds... Most recently the judge had reduced the payment, correct? That's right. So now the judge, this same judge who'd reduced those payments, now looks at the defendant again, having reduced the payments, but seeing that the defendant now has more money, so the judge decides to require her to pay more. How is that an abuse of discretion? Well, because of the breadth of that order, and it really amounts to fundamentally a finding that she has all the money she needs to support all of her other financial obligations, such that even one dollar above that has to go to restitution. Haven't you been able to come back in front of this judge and get a reduction on circumstances? Reduction in payments? Well, that's true, and I think probably the better course here would have been for the probation officer to say, let's take this money and spread it out and change the payment schedule. Well, it might have been, but it's a question of if it's an abuse of discretion. This judge, to me, has indicated she has a willingness to take changed circumstances into account, because she lowered the payment, and don't you have a request to lower it again in front of her now, or am I wrong? I believe that the latest one is the one that's in the record, although . . . Let me ask you a question before we all get too far down this road. Are you objecting to the amount that it was changed, or the fact that it was changed? The fact that it was changed . . . It sounds to me like you're arguing the amount that she took too much. Well, it is too much because she required it all. It was 100 percent of any . . . Also, remember, the breadth of the condition is any anticipated or unexpected financial gains, which I think if she's walking down the street and finds a $100 bill, she has to put that in an envelope and send it to Social Security Administration rather than use it to pay her bills or feed her children on pain of imprisonment, because it's a violation of this condition. For the judge to make that finding that even $1 above what she has right now in her pocket is money that should go to restitution does not comport with the factors that the judge has to consider in setting restitution. I understand. This is all argued under the presumption she's got the authority. Yes, sir. So you just argue that . . . Is your argument that it is just per se illegal or improper to have that kind of restitution order? No. A judge can order a lump sum payment, for example. This one. Well . . . This one. You're saying because what makes . . . I think your argument against this one is it requires her to give every penny that she makes or that she finds, windfall. Is that per se improper? It's not per se, but the judge in making that order has to go through the factors that are in the statute and has to make some showing, and I would compare it to this court's sentencing cases. This is what I don't understand in the real world. This judge has shown that she can listen to changed circumstances and change the amount of restitution payment required in favor of the defendant, right? That's true. And so . . . And she has done that, correct? Yes, Your Honor. And then that was most recent until this issue. She helped the defendant based on some changes. Yes, Your Honor. So now she finds out a fact that shows the defendant has more money, and the way the defendant's got it was a tax refund, which the judge sees as a windfall or a gain or whatever. For the judge now to say under those circumstances, any extra money that you get should be used for restitution, why is that an abuse of discretion? Because the judge, it seems to me, pretty clearly knows and is willing to respond to changed circumstances. She's just responding to a changed circumstance that's not as favorable to the defendant. Well, we certainly appreciate Judge Allen's flexibility. Only when she helps you. Well, but process matters, Your Honor. And the fact is that just as with this court sentencing case . . . In the process, she did what? We know she knows about this woman because she helped her by adjusting the payments. That's true. She didn't do that on a lark or just random. She did that in response to something probably you presented, I'm guessing somebody presented, right? Yes, Your Honor. So it just . . . it looks to me like the judge is moving along doing what a judge really should do. She saw things happen for the worst to the defendant, and so she helped her. Now there's a benefit to the defendant, so she makes the defendant pay a little bit more of her legally obligated restitution, because you said it wasn't the order in and of itself that was illegal or improper, the wording itself, that's what you said. If the proper findings are there to support that order . . . She should have done . . . so it's an abuse of discretion because she didn't say, I understand the facts this woman's in and this money is extra? Well, and considered on the record and make findings with regard to the factors in the restitution statute. And again, it's just like this court's sentencing cases where a judge will impose a sentence and will still have to go through and explain its application of the 3553A factors. We argue that the judge should have done the same with the 3664 factors. So at this point, I'll yield and be back to see you in a minute. Thank you. We'll be waiting. Mr. Krask. May it please the court, good morning, Robert Krask for the United States. I'll first address this question of whether or not the district judge abused the exercise of her discretion in adding this particular condition. I think it's important both to look at the context and the manner in which the court dealt with this issue when it arose. The context in which it arose was that the probation officer, this wasn't a case where the government came to the court and said, we want you to change the sentence after the fact. The probation officer who works for the judge says, judge, I found a gap in the conditions here. Ms. Grant has received these tax refunds and she hasn't applied any of these refunds towards her restitution obligation. And I think, respectfully submit, your honor, that you should address this gap and close it so that we can facilitate the payment of restitution as the restitution statutes seek to encourage. Initially, the probation officer went to me. You're saying it's not based on change of circumstances? It's not based on any new information? It's just because you think a mistake was made in the original sentencing? No, I think, your honor, that there are two changed circumstances that would support the change here. First, there is a gap. Well, there's both a gap because we're not just talking about tax refunds. We're talking about other either anticipated or unexpected financial windfalls that a defendant might receive in this case, whether it was a lottery winning, an inheritance, some kind of judgment, say, as a result of a traffic accident. There was another gap beyond the issue of these tax refunds. Why isn't that just done as standard practice, I wonder? In the Eastern District of Virginia, at least in the Norfolk Division, it is done as a matter of standard practice. Now, Ms. Grant came from Florida, and apparently, they don't have the same practice. But in judgments and defendants' sentencing before the court in the Norfolk Division, this is a standard condition. Well, see, that still sounds like it's an effort to correct a sentence. Well, let me go back to your prior question before I get to the sentence part, your honor. You asked about whether there were changed circumstances, and here there were two. No, I didn't ask you whether there were changed circumstances. I asked you, based on the representation and description you were making of how this came about, it sounded like it wasn't a change of circumstances, that it was just trying to make this sentence conform to what the normal sentence was in Virginia. No, I think, respectfully, the record would suggest that certainly there was a gap that needed to be filled, but there were facts that supported filling it here, and the facts were that Ms. Grant was ordered initially to pay $250 per month in restitution during her probation, not less than $250 a month. That was reduced twice, first to $125, and then after the action in this case, down to $75 a month. So we have a restitution payment schedule that was set at sentencing that isn't being abided by and isn't being followed, so the court's expectations about what a defendant would do to make the crime victim whole were not being fulfilled. So that's one changed circumstance. The other is that Ms. Grant had received these two tax refunds that totaled just over $6,000 and didn't see fit to use any of that money to pay down her restitution obligation. So that's the context in which this arose, and then here's how the court dealt with it.  It had argument from the counsel. During the hearing, it considered the fact that Ms. Grant operated a business from her home, that she had two dependents. It considered her income situation. It considered that she was married and separated, but not yet divorced, but was receiving child support from her husband. And after considering all that information, the court said, I'm going to impose this condition, but it did so with a very significant proviso that I would like to point out to draw emphasis to here today. The court told Ms. Grant, when it imposed the condition, that if and when you receive these windfalls, a tax refund or another financial windfall, you tell the probation officer you've received the money, and if you can't make your monthly payments, come back to the court and we'll deal with that and we'll address it. So I think that emphasizes, this isn't the type of situation where the court was just saying, look, you're getting refunds, you haven't told us about it, we're taking all of them. The court- You see it as sort of government gets, I mean, restitution gets first dibs. Is that what it is? Well, I think- Unless you have a justification otherwise. I think it's better for the court to proactively deal with this situation on the front end rather than relying upon the defendant on the back end to come and tell the court, well, guess what? I've had a change in circumstance. I've received this money, but, gee, I've spent it all, and now there's nothing left. In this instance, the court said, no, you're required on the front end to apply it, and if it affects your financial circumstances, tell the court and we'll deal with it. And that's precisely what the court did here four months after this hearing. What you're saying is that she could pay the whole tax refund in, but then, ostensibly, it could go from $75 a month to $50 a month if she's worse off. That's right. I think the court's being creative in trying to find a way to make the crime victim whole, which is what the restitution statutes, the Mandatory Victims Restitutions Act- Or do you think the order also left open that maybe the court would not take all of the refund? Well, that's certainly a possibility, but we can't presume, and counsel for Ms. Grant does, there may not be a tax refund this year or the next year. There may be no additional money. And to go back to- Well, I was at one point, I was sort of trying to make, you've got to be careful of trying to front end requirements on the defendant in light of what they might receive, because then you're setting the standards so high, you're setting them up to be revoked. Isn't that correct? If you've had tax refunds in the past, if the court thinks, well, you've had them in the past, so you're going to get them in future years, I'm going to average them out over the last five years, and I'm going to charge you with the responsibility that you're going to get that kind of tax refund every year, which may or may not be true, but based on that information, I'm going to say you now have to pay $400 a month. Well, that person maybe can't make $400 a month, because they may not get that tax refund. Because, by the way, can't you just eliminate the problem of the tax refund by adjusting your withholding? Am I wrong about that? Can't she just go and adjust her withholding, and that takes care of the tax refund? She could do that unless she was receiving the earned income tax credit, which would be a different matter. You can't adjust the amount of withholding there or something? I don't know, in the context of the earned income tax credit, whether the withholding issue would . . . I thought you could claim as many deductions or as few as you want to on your W-2, and then adjust it and filing it, but maybe I'm wrong about that. What I see in this case is the judge has shown a propensity and ability, and I think a reasonableness, in adjusting this woman's payment schedule downward when necessary, correct? Absolutely. And the judge now sees this woman has received more assets than she saw on her financial statement at the time of the sentencing, and so she's just trying to adjust the changed economic circumstances, asset circumstances, to make restitution reasonable in light of those changed circumstances. I think that's absolutely correct, and that's why there's no abuse of discretion here. The problem is the assessment is economic condition. Getting a tax refund doesn't change your income, does it? It certainly . . . it could if it falls within the category of . . . How could it change your income? Your income doesn't change. Not your income. I apologize, Your Honor. Your income is the same. So this lady is, for example, taking fewer exemptions to sort of do what she can to make sure she can meet her monthly requirement, and then you punish her because she's saying, I get something there, then I'm going to take care of buying clothes for my children, the things that I put off during the year, by not taking the most withholdings and taking all of that from her. It just seems like that's a lot different than . . . that's not economic condition. That's just saying . . . probation officers say, oh, this lady has tax refunds. I think you ought to get a judge and close the gap. Then the judge says, okay, all right, when you get a refund, I want all of it. Just in case, once we get all of it, if you want to come back again and say, you're destitute, we'll buy . . . consider it. That's not economic condition change, if . . . Well, I think you'd be very hard pressed to look at this record and say that the district judge hasn't been sensitive to Ms. Grant's concerns. No, no. It's not a question of sensitive. First of all, let me ask you this. Let me say this. Yes, sir. What the court did in the past has never been tested in terms of its legality, because everybody agreed to it. In a sense, that's not before us, just because it happened, because no one . . . everybody was happy with it. This is before us. We're not called upon to see what she did before. I don't want to suggest whether it's insensitive or not. This is a question of law and abuse of discretion now. The question is, I thought, under what her sentence was, we look at her change in economic situation. What I'm saying is just to take her tax returns, refunds, and say that I'm going to grab those on a loan and not justify that this, in fact, is a windfall or somehow changes her circumstance, it seems to be very thin. Well, and again, I'd go back and make the point that the condition deals not just with tax refunds. It deals with other unanticipated or anticipated windfalls that Ms. Grant might receive. So there's that issue, and it's appropriate to apply that aspect of the condition regardless of the tax refund issue, but Your Honor's making an assumption that shouldn't be made, which is that she's going to receive a tax refund every year. There's no way to know that in advance. People's incomes change, their situations change, the tax laws change, and we shouldn't presume that she's going to receive a refund in any given year, and in fact, her refunds have changed. As Judge Traxler mentioned with respect to the pre-sentence report, they varied. At the time of sentencing, they reported as varying from $600 to up to $4,000 in any given year. It seems to me your argument, quite frankly, is backwards. It seems to me that you have to make a different argument on the prospective relief as to other windfalls. It seems to me it's much easier, you don't think this, I don't think, to make it about the refund she's received. It's not a change in economic conditions as far as what her day-to-day condition is, but it's a change in far as her assets, her assets. And when you look at restitution, looking at a financial statement, when you first impose restitution, you just don't look at monthly income, you look at assets as well. This is a change on the asset side of her ledger, don't you agree? The tax refund, what else would it be? What the restitution statute talks about is, the defendant is to give notice of a change in economic circumstances. And I certainly think if you have $6,000 extra in your pocket, that's a change in your economic circumstances. That's what I'm talking about, change. But it seems to me you can clearly make a claim, it seems to me you can, that it's not an abuse of discretion for a court to look at somebody who's on an order of restitution, who now has a pot of money to say, that pot of money, you haven't told me why it shouldn't be otherwise under the briefs and all, should be used to pay restitution. That seems to me straightforward. Now the one issue that I think is slightly different that you might want to address is the question of this, you call it gap-filling, this prospective, any other windfalls. You say, that should be allowed, it seems to me that's a little bit tougher stretch for you, maybe, because maybe didn't you just, the order didn't have it from the get-go and now you want to add it? That goes to sort of the first argument that I would make is that the district court was acting pursuant to a very broad grant of authority contained in section 3563C. And what 3563 gives the court to do, permission to do, is change the conditions of probation at any time, and it doesn't require, as noted in the advisory committee note to rule 32.1, it says yes, you can change them in response to changed circumstances, but you can also change them in response to new ideas. And the court here adopted a creative way to deal with the fact that on the one hand, she was directed out of the gate and sentencing to pay $250 a month, and that's come way down. And on the other hand, the court's found that she's getting significant infusions of cash. Is it not a changed circumstance that the court can consider for that prospective relief of future tax refunds, future windfalls? Because it's a changed circumstance now because I now know that you, defendant, don't understand your total obligation in meeting this restitution because you received a lump sum and you didn't think it was necessary for restitution. So I'm now changing, now that I see that fact about you, I'm changing your order so I'm putting you on notice that all future lump sums are for restitution. Absolutely. But part of what we would say is the court shouldn't have to rely on notice from the defendant to address this after the fact. It's within its authority. I just thought that's a justification because the court is now on notice that this defendant, upon receiving a lump sum, didn't think it was necessary to think about restitutions in term of that lump sum. So the court's gone, now that I see that about you, I'm not saying you're evil or bad, I'm now putting you on notice prospectively that all windfalls have to be factored into restitution. Absolutely. Yes. That's certainly our argument. And the change in question would not be an illegal modification of the sentence. Certainly, we agree that a sentence can't be changed other than- You couldn't change the total amount of the restitution. No. No. The quantum of restitution can't be changed by the district judge pursuant to its exercise of authority to modify conditions of probation, and the court didn't do that here. It addressed this payment schedule issue, and the question then is, well, is a condition in a restitution order about how to pay that quantum, is that part of the sentence that can't be changed? And we would certainly respectfully submit that. Is there some undercurrent in this case of some head-butting between the probation officer and this defendant? I'm not aware of that, Your Honor. I'm not aware of that at all. I've got two questions I want to ask you. One, I think I know what your answer is, but it's this. If a person has gotten tax refunds for 10 years in a row, and in the 11th year, could that be viewed as a change of circumstance? Again, it talks about change in economic circumstances, and our view is certainly, one, if Ms. Grant has come into that $6,000 and it ends up in her pocket in April, that that's a change in her economic circumstance because her readily disposable assets, which she is a defendant who's been sentenced to pay restitution and make a crime victim whole, her assets have her to recognize that and understand that obligation. Okay. The second question is this, and you made, I think, an excellent point and distinction in your participation in the hearing. You said that we're not asking the court to go back and revise the restitution order. We're asking the court to modify a condition of probation. So we've got rules that seem to conflict a little bit in this area where probation can be changed freely and restitution can be changed only in limited circumstances. In this case, of course, we're dealing with an order of restitution or amount of restitution. Why wouldn't we look to the more specific statute, the restitution statutes, as opposed to the probation statutes in a case like this to determine what the authority of the district judge is? I think, and Your Honor has touched on an important point, there certainly appears to be some tension between these two independent grants of authority. But I'd step back first before we get to the specific. Let's talk about the restitution statutes. Congress over a course of years has slowly but inexorably been tightening the screws on the United States and on district courts to ensure that full restitution is paid and it's been providing statutory tools both for the courts and for the government to facilitate the collection of that restitution. It would be ironic if those statutes which were enacted and designed to ensure the victims were made whole are interpreted to limit a district court's authority to change conditions of probation, which is what the court did here. It added this new condition. So in our view, this court shouldn't construe the restitution or should construe these restitution statutes in light of this purpose that Congress had in making crime victims whole. The other part, I would say, getting more into the granular and the specifics of it, is that 3664, it's just one tool of many in the statutory toolkit for the enforcement of restitution. There is, for example, the Federal Debt Collection Procedures Act. The government can go garnish wages. The government can take out liens against a defendant's property as a means to collect restitution. The probation statute itself talks about the fact that the court could award restitution in a way not provided by 3663 and 3664. In subsection 3563B2, it says that as a condition of probation, the district court could award probation to a person who was not a victim of the offense of conviction, which is kind of the hallmark of the restitution statute. So there are two independent grants of authority, and certainly the court should try to harmonize them, but where here the court has acted pursuant to its probationary authority and it hasn't changed the sentence, we think that the court was well within its grant of authority and that it did not abuse its discretion in acting in this case. Would she be found guilty of contempt of court if she increased her withholding exemptions threefold in response to this order? I think we'd have to understand the circumstances and judge her intent. I don't want a refund. So therefore I'm going to take as many exemptions as I can so I will get no refund. That's her intent right there. She's purposely getting around the order saying, okay, I'll take care of that. No more refunds. I'm taking all the exemptions so there will be no refunds. Can she be held in contempt of court for that? If she did it intentionally to violate this court's order and she did so willfully, I think she could, but again, let's not presume she's going to get a refund every year. Let's not presume that she's getting the refund she's receiving. I'm not presuming she's getting one. I'm going to say that she's going to make sure she doesn't get one. Seems to me you'd have a tough argument to argue that she's contempt of court had she violated the court order. She didn't refuse to turn over a refund. She never got a refund. And it seems to me the court wants to say you cannot adjust your withholding. That's a different thing. But how would you find her and how would you even make a reasonable argument that she was in contempt of court? If she complied with the absolute letter of the court order, you would actually pursue a contempt of court? Is somebody in that scenario? May I answer your question, Your Honor? Sure. My time is up. Sure. I think it would depend on the facts. Certainly that would be a difficult circumstance and she would be well within her rights if it was just a withholding issue to adjust her withholdings to not give the government the use of that money during the course of the year that she would otherwise be entitled to receive. And certainly then the court could reconsider her economic circumstances and her monthly payment schedule. But I'm not suggesting that if she did that, that would be contempt of the court. It would only be that if she did that willfully and intentionally with some kind of nefarious intent to avoid her restitution obligations or to violate the court's orders. Thank you. Thank you, Mr. Graves. Mr. Bryant. Thank you, Your Honor. Just a couple of brief points in response to the government. The government referred to lottery winnings or judgments or other large windfalls. Well, I would argue that those circumstances would already be covered by 3664K, which says that any material change in her economic circumstances would subject her to a modification of a restitution order. And the district court said that that statute does not apply here, which I think is a finding by the district court that these income tax refunds were not a material change to her economic circumstances. A couple thousand dollars might be a material change to some people. It might not be to other people. But what the district court did here by not proceeding under that existing condition, I think, was to say that that's not affecting a material change to her circumstances. Do you think the court could have imposed this refund windfall provision from the get-go at the day of sentencing? Could the court have done that? Yes. And the court can't do it now. Why? Well, because it modifies a restitution order without going through the steps and considering the necessary factors. Now, would these be facts sufficient for the court, if they follow the process properly, to justify such a now imposition, which could have been done prospectively, you said, from the get-go, that she has received a lump sum of cash from a tax refund and now, without thinking about paying restitution, that's a changed circumstance for the court to consider and any windfalls or any claimed lump sums of money must be factored into restitution. Would that be, with the right process, changes that would support the adoption of this prospective provision? Are you talking about at the original sentencing? I'm talking about now. Now, if the court went through the factors, I think the court could do it. I think on this record, the court should not have, based on her economic situation. A couple more just very brief points. One slight mischaracterization I think I'd like to correct from the government is that Ms. Grant realized this money and didn't use any of that money to go towards restitution. I don't think that's supported by the record here. It's true that she didn't send it all immediately directly to the Social Security Administration, but we have no reason to believe that she's not putting that into her general accounts and using some of that money over time to pay her obligation. I don't think there's any suggestion here that she's frittering that money away or somehow getting it in one pocket one day and out the next. I think that characterization is a little bit mistaken. I think the reality of the situation is a little bit different from what the government would suggest about if she gets this money and then immediately applies it to her restitution, but then if she can't make the payments that she could go back to the probation officer, well, she's not going to be able to get that money back. The Social Security Administration is not going to send some of that money back to her if the court later determines, well, that you really couldn't have afforded to make that kind of obligation. Okay, she didn't make a statement to the probation officer pursuant to the court's order. I have a $6,000 tax refund. I'm holding it. I will not spend a cent of it, but I'm going to move the court to let me keep some of it. Why couldn't she do that and comply with the court's order? I think she could, but it's precarious to ask a defendant who's out on probation to say keep this in some sort of trust in case you later are allowed to keep some of it because the letter of the order and all she has to go on is this piece of paper that says if this money comes into your hands, you have to immediately send every dollar of it towards your restitution and anything else is a violation of her probation. Do you think this district judge would read it that way and not entertain a motion to disperse or deal with that money? Realistically, no, Your Honor, but we have to think about not only just the rule of law and the principle that this court will lay down, but also the letter of this order and part of our concern here is the breadth of it. But you said that that order from the get-go is perfectly fine. Because assuming . . . Assuming that all the process is followed and perhaps more defendants . . . My point is that you're not concerned. I think you're not concerned about the breadth of that language. You just said it's perfect. We are. We are. But you said it would be fine. It would be proper if it had been done from the get-go. If the full breadth of it is supported by factual findings and direct . . . Then you're not concerned about the breadth of the language. You're concerned about whether or not the economic circumstances support such an imposition. In this case, right. That's correct, Your Honor. And with that, we'd ask you to vacate the probation condition. Thank you very much. Okay. Thank you, Mr. Bryant. I'll ask the clerk to adjourn court and then we'll come down and greet counsel.
judges: William B. Traxler, Jr., Roger L. Gregory, Dennis W. Shedd